UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X      For Online Publication Only
JONATHAN WILLIAM NEIRA MARQUEZ,

                            Plaintiff,

              -against-                                          **MEMORANDUM & ORDER**
                                                                22-CV-00949 (JMA) (LGD)

OFFICE OF SOCIAL SECURITY,

                            Defendants.
------------------------------------------------------------X

**AZRACK, United States District Judge:**

Pro se plaintiff Jonathan Neira Marquez ("Plaintiff"), presently incarcerated at the Nassau County Correctional Center, brings this case against the Office of Social Security ("Defendant"). (Compl., ECF No. 1.)

Currently before the Court is Plaintiff's application to proceed in forma pauperis ("IFP"). (ECF No. 11.)   For following reasons, Plaintiff's IFP application is GRANTED, but the Complaint is sua sponte dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

## I.      BACKGROUND

Plaintiff's recent, extensive litigation history before this Court is recounted in this Court's December 6, 2022 Order in Neira v. Office of the District Attorney, No. 21-CV-06747-JMA-LGD (ECF No. 28.).

### A.      The Complaint

As the Court can best discern, Plaintiff seeks to recoup Supplemental Security Income ("SSI") benefits allegedly owed to him for the years 2017 to 2020.[1]   After his SSI benefits were

---

[1]      The facts as set forth in this section are taken from the Complaint.   All material factual allegations in the Complaint are assumed to be true for the purposes of this Order.   See, e.g., Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material

discontinued in 2013 due to his incarceration, Plaintiff reapplied for SSI benefits in 2016 at Defendant's office in Freeport, New York.   He claims that his application was approved and that he received a notice indicating that he would receive SSI benefits of $1,700 to $2,000 per month. However, he never received this amount.   He then "reapplied with proof of letter" at Defendant's office, "to claim [his] entitle eligibility rights and was told that [he] had arrived too late and the office could not comply with the notice sent to [his] private residence."   Although he "constantly and persistently followed up," he "kept getting rejected."   Defendant "started to deduct [his] SSI payments from $840 to in between $600–$660."   In 2019, Plaintiff's "SSI payments increase[d] to $860 and [his] situation was negl[e]cted overall."   He explains that in 2020, Defendant "decided to discontinue my SSI payments overall after me reaching out to review all my personal and business credits to apply for regular Social Security disability."

Based on these allegations, Plaintiff seeks to recover "compensation of $275,000,000 dollars for all 27 Constitutional Civil Right(s) Amendments violated in the SAFE Act, FHA Act, Dodd Frank Act, BSA Act as a citizen and professional representing (ADA) Administration Disability Act and my NMLS Banking Registration continuous education."   He also seeks a copy of his "personal and business tax returns from [his] CPA accountant."

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of his IFP application (ECF No. 11), together with his April 21, 2022 letter (ECF No. 24), the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, Plaintiff's IFP application is granted.

---

allegations in the complaint as true).   Unless otherwise noted, all quotations from the Complaint appear without alterations.

B.     **Standard of Review**

The Prison Litigation Reform Act ("PLRA") requires courts to screen civil complaints brought by incarcerated persons against government entities, officers, or employees.  See 28 U.S.C. § 1915A.  Under the PLRA, a court must dismiss a plaintiff's complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  The IFP statute, 28 U.S.C. § 1915(e)(2)(B), requires a court to dismiss an action for the same reasons.  See Abbas v. Dixon, 480 F.3d 636, 639–40 (2d Cir. 2007) (applying both Sections 1915A and 1915(e)(2) where the plaintiff proceeded in forma pauperis).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)).  As a result, the Court must construe the submissions of a pro se plaintiff "liberally, . . . reading such submissions to raise the strongest arguments they suggest."  Nunez v. Mitchell, 836 F. App'x 71, 72 (2d Cir. 2021) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)).  Pro se complaints "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, a pro se plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The plausibility standard requires "more than a sheer

3

possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also In Touch Concepts, Inc. v. Cellco P'ship, 788 F.3d 98, 101 (2d Cir. 2015) (explaining that a court must dismiss an action pursuant to Rule 12(h)(3) "on its own initiative" if the court determines that it lacks subject matter jurisdiction "because the limited subject-matter jurisdiction of the federal courts is a restraint on judicial power") (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)); Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed.").

**C.    Claim for SSI Benefits**

Because Plaintiff sues the "Office of Social Security" based on alleged underpayment (or nonpayment) of SSI benefits, the Court construes this as a claim brought pursuant to 42 U.S.C. § 405(g). Even construing the Complaint liberally, however, this claim must be dismissed.

The Social Security Act provides for limited federal court review of "final decisions" of the Commissioner of Social Security with respect to claims for benefits. See 42 U.S.C. § 405(g). Here, Plaintiff does not allege that he obtained a "final decision" from the Commissioner concerning his claim for SSI benefits or that he exhausted his administrative remedies. Absent any allegations showing that there has been a final decision of the Commissioner, this Court lacks subject matter jurisdiction to hear any claim for SSI benefits. See Gray v. Comm'r of Soc. Sec., No. 21-CV-9427, 2021 WL 5567616, at *1 (S.D.N.Y. Nov. 29, 2021) ("If a claimant's complaint

does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for federal court jurisdiction under Section 405(g).");  Joseph v. Soc. Sec. Admin., No. 1633-CV-77, 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017) ("Pursuant to 42 U.S.C. § 405(g), an individual must obtain a final decision of the Commissioner before a federal court can review Social Security benefit determinations") (citing Iwachiw v. Massanari, 125 Fed. Appx. 330, 331 (2d Cir. 2005));  see also  Muniz v. Astrue, No. 07-CV-01945, 2007 WL 4591259, at *1 (E.D.N.Y. Dec. 27, 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it.").   Accordingly, this claim is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).[2]

## D.   **Claims for Money Damages**

Any claim for damages against Defendant, a federal agency, are foreclosed by sovereign immunity.   "Generally, the federal Government and its agencies, including officials acting in their official capacities, are immune from suit because of the doctrine of sovereign immunity."   Moore v. Soc. Sec. Off., No. 17-CV-7114, 2017 WL 6463009, at *1 (E.D.N.Y. Dec. 15, 2017) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994); Kentucky v. Graham, 473 U.S. 159, 167 (1985)). Indeed, "[t]he doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the United States, including federal agencies like the Social Security Administration, unless sovereign immunity has been waived."   Abergel v. Soc. Sec. Admin., No. 19-CV-6340, 2019 WL 3337886, at *2 (S.D.N.Y. July 24, 2019) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980) (additional citation omitted)).

---

[2]      In certain limited circumstances not present here, a plaintiff's failure to exhaust administrative remedies may be excused.   These include "where the plaintiffs' legal claims are collateral to their demand for benefits, where exhaustion would be a pro forma or futile gesture, or where the harm suffered in the interim would be irreparable." Smith v. Schweiker, 709 F.2d 777, 780 (2d Cir. 1983); see Abbey v. Sullivan, 978 F.2d 37, 44 (2d Cir. 1992).   Plaintiff fails to allege any facts demonstrating that any of these exceptions applies here.

Here, the complaint does not allege that the United States has waived its sovereign immunity, nor does it include any statutory basis to support a finding that the United States has waived its sovereign immunity as to Plaintiff's claims.   Rather, Congress has authorized only a limited basis for judicial review of Social Security Administration determinations.   See 42 U.S.C. § 405(g).   Indeed, "Section 405(g) is the only waiver of sovereign immunity in the [Social Security] Act and is the exclusive statutory authority for judicial review."   Joseph, 2017 WL 1067804, at *4; see also 42 U.S.C. § 405(h) ("No finding of fact or decision of the Commissioner of Social Security shall be reviewed by a person, tribunal, or governmental agency except as herein provided."); Schwartz v. Am. Express & the Soc. Sec. Admin., No. 18-CV-3497, 2018 WL 3118272, at *2 (E.D.N.Y. June 25, 2018) ("Plaintiff's claim seeking damages from the SSA (or SSA officials) is barred by sovereign immunity, and this Court lacks subject matter jurisdiction under Rule 12(h)(3) to hear that claim.").   Accordingly, the Court lacks subject matter jurisdiction to hear any claim against Defendant for money damages, and any such claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

**E.   Other Federal Causes of Action**

In describing the relief that he seeks, Plaintiff writes, "[a]s a citizen and professional representing (ADA) Administration Disability Act.   I would like to anticipate my gratitude for the consideration the Court and jury examine and review such prejudice discrimination."   He notes elsewhere in the Complaint that he is "legally blind."   Given the Court's obligation to construe Plaintiff's submissions "liberally, . . . reading such submissions to raise the strongest arguments they suggest," Nunez, 836 F. App'x at 72 (citation omitted), the Court construes this as a claim asserted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.

However, his ADA claim fails because he "does not allege that Defendant[ ] acted 'due to [his] disability,'" Speer v. Norwich Pub. Utilities, 2022 WL 852968, at *1 (2d Cir. Mar. 23, 2022)

(summary order) (quoting Hamilton v. Westchester Cty., 3 F.4th 86, 91 (2d Cir. 2021)), or that his "disability made it difficult in any way for [him] to access benefits" and required a reasonable accommodation.  Id. (quoting Tardif v. City of New York, 991 F.3d 394, 405 (2d Cir. 2021)).   As this claim is premised on an "indisputably meritless legal theor[y]," it must be dismissed.  Id.[3]

## F.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)) (internal quotation marks omitted).   Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint."   Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Nevertheless, "a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend.   Because the defect in his claim for money damages is substantive and could not be cured in an amended pleading, amendment of that claim would be futile.   However, if Plaintiff can demonstrate that he is challenging a final decision of the Commissioner regarding his SSI benefits, issued within sixty days of his filing of the Complaint (February 11, 2022), this Court would have subject matter jurisdiction to hear that claim.   See 42 U.S.C. § 405(g).   Accordingly, Plaintiff is granted leave to file an amended complaint with respect to this claim only.   If Plaintiff elects to

---

[3]       Plaintiff also appears to refer in passing to the Fair Housing Act, 42 U.S.C. § 3601 et seq.; the Dodd-Frank Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010); and the Bank Secrecy Act, 31 U.S.C. § 5311 et seq.  Any such claims likewise would be "indisputably meritless," Speer, 2022 WL 852968, at *1, and therefore do not warrant further consideration.

amend his complaint, and has a proper basis to do so, the amended complaint shall:  (1) be clearly labeled "Amended Complaint"; (2) bear the same docket number as this Order, No. 22-CV-00949 (JMA) (LGD); (3) include any final decision of the Commissioner; and (4) be filed within in thirty days from the date of this Order.   If Plaintiff does not file an amended complaint within the time allowed, absent a showing of good cause, the Complaint will be dismissed with prejudice without further notice, judgment shall enter, and this case will be closed.

### III.       CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed in forma pauperis is granted. Plaintiff's claims for money damages are sua sponte dismissed, with prejudice, for lack of subject matter jurisdiction.   Fed. R. Civ. P. 12(h)(3); 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).   To the extent that he asserts a claim against Defendant challenging his SSI benefits, such claim is dismissed, without prejudice, for lack of subject matter jurisdiction.   Fed. R. Civ. P. 12(h)(3).

In light of Plaintiff's pro se status, the Court grants him leave to file an amended complaint with respect to his claim challenging his SSI benefits only.   If Plaintiff elects to amend his complaint, and has a proper basis to do so, the amended complaint shall:  (1) be clearly labeled "Amended Complaint"; (2) bear the same docket number as this Order, No. 22-CV-00949 (JMA) (LGD); (3) include any final decision of the Commissioner; and (4) be filed within in thirty days from the date of this Order.   If Plaintiff does not file an amended complaint within the time allowed, absent a showing of good cause, the Complaint will be dismissed with prejudice without further notice, judgment shall enter, and this case will be closed.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record and note such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

8

would not be taken in good faith.   Therefore, should Plaintiff seek leave to appeal <u>in forma</u>

<u>pauperis</u>, such status is denied for the purpose of any appeal.   <u>See</u> <u>Coppedge v. United States</u>, 369

U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:          December 6, 2022
                Central Islip, New York                        _____/s/ (JMA)_____
                                                              JOAN M. AZRACK
                                                              UNITED STATES DISTRICT JUDGE