Case 2:22-cv-00949-JMA-LGD   Document 23   Filed 05/22/23   Page 1 of 5 PageID #: 75

FILED
CLERK
5/22/2023 4:18 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JONATHAN WILLIAM NEIRA MARQUEZ,

                Plaintiff,

   -against-

OFFICE OF SOCIAL SECURITY,

                Defendant.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-CV-00949 (JMA) (LGD)

**AZRACK, United States District Judge:**

On December 6, 2022, the Court granted the application of incarcerated pro se Plaintiff Jonathan William Neira Marquez to proceed in forma pauperis ("IFP"). (ECF No. 16, "December Order".) The Court then sua sponte dismissed his civil rights Complaint against the Office of Social Security ("Social Security" or "Defendant") pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and 1915A(b)(1). Affording the Complaint a liberal construction, however, it appeared that Plaintiff also sought to pursue a denial of benefits claim against Defendant pursuant to 42 U.S.C. § 405(g). Thus, Plaintiff was "granted leave to file an amended complaint with respect to this claim only." (December 6 Order at 7.) On December 27, 2022, Plaintiff filed an amended complaint. (ECF No. 19, "Amended Complaint".) For the following reasons, the Amended Complaint is sua sponte dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

       **I.    BACKGROUND[1]**

As explained above, the December Order permitted Plaintiff to file an amended complaint

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

limited to repleading his denial of benefits claim under § 405(g) insofar as he sought to challenge a final decision of the Commissioner of Social Security regarding his benefits. (December Order at 7.)

Notwithstanding this clear directive, however, the Amended Complaint is brought pursuant to 42 U.S.C. § 1983 and repeats many of the same allegations as his initial pleading. Plaintiff again sets forth a lengthy history regarding past "applications" for SSI benefits. (Am. Compl. at 4–5.) For example, he repeats his allegation that he spoke on the telephone with someone from Defendant's office during "the 2nd week of April 2021" who told him that he "qualified for 2 SSD plans and to call within a week or so to apply." (Am. Compl. at 5.) He alleges that this "was final decision from the Commissioner of Social Security concerning [his] claim for SSI benefits," which he "obtained after exhausting [his] administrative remedies." (Id.) However, Plaintiff does not allege that he ever actually applied for such benefits, and he notes that he was arrested shortly thereafter on April 23, 2021. (Id.)

## II.   DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA") requires a district court to screen any complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of it, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the IFP statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. Id. §§ 1915(e)(2), 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). As a result, the Court must construe the submissions of a pro se plaintiff "liberally, . . . reading such submissions to raise the strongest arguments they suggest." Nunez v. Mitchell, 836 F. App'x 71, 72 (2d Cir. 2021) (quoting McLeod v. Jewish Guild for the Blind, 864 F.3d 154, 156 (2d Cir. 2017)). Pro se complaints "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

However, "[w]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Chapman v. United States Dep't of Just., 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); see also Fed. R. Civ. P. 12(h)(3) (if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.").

B. **The Court Lacks Subject Matter Jurisdiction**

As the Court explained in the December Order, "[t]he Social Security Act provides for limited federal court review of 'final decisions' of the Commissioner of Social Security" regarding determinations of an individual's eligibility for disability benefits, as codified in 42 U.S.C. § 405(g) and § 1383(c)(3). (December Order at 4.) Indeed, a district court may not hear a claim brought against the Social Security Administration pursuant to § 405(g) prior to a final decision of the Commissioner. See Joseph v. Soc. Sec. Admin., No. 16-CV-3377, 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017) ("Pursuant to 42 U.S.C. § 405(g), an individual must obtain a final decision of the Commissioner before a federal court can review Social Security benefit

determinations.") (citing Iwachiw v. Massanari, 125 F. App'x 330, 331 (2d Cir. 2005)); see also Muniz v. Astrue, No. 07-CV-1975, 2007 WL 4591259, at *1 (E.D.N.Y. 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it.").

Here, in the absence of any allegation that Plaintiff actually applied for the benefits he seeks, it follows that Plaintiff has not alleged any decision by the Commissioner—much less a final decision—concerning his benefits. Accordingly, this Court lacks subject matter jurisdiction over any claim brought by Plaintiff under § 405(g). See Gray v. Comm'r of Soc. Sec., No. 21-CV-9427, 2021 WL 5567616, at *1 (S.D.N.Y. Nov. 29, 2021) ("If a claimant's complaint does not contain allegations showing that there has been a final decision, then it does not satisfy the requirements for federal court jurisdiction under Section 405(g)."). As a result, the Amended Complaint must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

**C.    Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to further amend his complaint. Because the defect in Plaintiff's claim is substantive and Plaintiff has not alleged any facts suggesting that it could be cured, amendment would be futile. Accordingly, the Court declines to grant further leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction over Plaintiff's claim for denial of benefits under 42 U.S.C. § 405(g). Accordingly, the Amended Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court shall enter judgment accordingly and close this case.

As a one-time courtesy, the Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at (i) 280 Broadway, Apt. 201, Bethpage, NY 11714[2]; and (ii) his address of record.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated:   May 22, 2023
         Central Islip, New York                        /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE

---

[2]   On April 19, 2023, Plaintiff called the Court's Pro Se Office and indicated that he had been released from prison and that he had moved to the above-listed address. (See ECF No. 22.)